KUBICK v CHILD AND FAMILY SERVICES OF MICHIGAN, INC

Docket No. 100124. Submitted October 7, 1987, at Marquette. Decided September 7, 1988.

Carol (Weaver) Kubick, individually and as next friend of Nicole and Gina Weaver, brought an action under the Freedom of Information Act in Marquette Circuit Court seeking to compel the disclosure of certain information by Child and Family Services of Michigan, Inc., a private nonprofit corporation engaged in the foster care of children over whom the Marquette County Probate Court has taken jurisdiction. The trial court, Edward A. Quinnell, J., dismissed the action, ruling that defendant was not a public body for purposes of the FOIA and was not therefore subject to the disclosure requirements of the FOIA. Plaintiff appealed.

The Court of Appeals *held:*

The FOIA defines "public body" in part as a body which is created by state or local authority or which is primarily funded by or through state or local authority. Here, where government funding of defendant was less than fifty percent, it cannot be concluded that defendant was primarily funded by the government. Thus, the trial court properly concluded that defendant is not a public body which can be compelled to disclose information pursuant to the FOIA.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The rules of statutory construction are: (1) when a statute is unambiguous, further construction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 19 *et seq.,* 46.14 *et seq.*
Am Jur 2d, Statutes §§ 142 *et seq.*
Supreme Court's view as to weight and effect to be given, on subsequent judicial construction, to prior administrative construction of statute. 39 L Ed 2d 942.
What constitutes an agency subject to application of state freedom of information act. 27 ALR4th 742.

and construed so as to give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application.

2. STATUTES — FREEDOM OF INFORMATION ACT — PUBLIC BODY.

A private nonprofit corporation which receives less than half of its funding from government sources and is engaged in the foster care of children over whom a probate court has assumed jurisdiction is not a public body which is primarily funded by or through state or local authority; such corporation is not subject to the requirements of the Freedom of Information Act regarding the disclosure of information by public bodies (MCL 15.232[b][iv]; MSA 4.1801[2][b][iv]).

*Richard J. Jason, P.C.* (by *Richard John Jason*), for plaintiff.

*Kendricks, Bordeau, Adamini, Keefe, Smith & Girard, P.C.* (by *James R. Jessup*), for defendant.

Before: MAHER, P.J., and McDONALD and R. C. LIVO,* JJ.

R. C. LIVO, J. Plaintiff, Carol (Weaver) Kubick, individually and as next friend of Nicole and Gina Weaver, appeals the dismissal of her lawsuit against defendant, Child and Family Services of Michigan, Inc. Plaintiff requested certain records from defendant pursuant to the Michigan Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, and the trial court ruled that defendant was not a "public body" as that term is defined within the FOIA. We agree and affirm.

At some point in 1983, the Marquette County Probate Court assumed jurisdiction over plaintiff's daughters Nicole and Gina. On December 14, 1983, the Marquette County Department of Social Services referred the case to defendant, a private

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nonprofit corporation. Defendant was to provide supervision and intensive foster care for the girls while attempts were made to rehabilitate plaintiff as a mother.

On July 2, 1984, plaintiff signed authorizations for the release of information on her behalf and on behalf of her daughters. Defendant did not release the requested information to plaintiff. Two requests were made for the information by plaintiff's counsel. Both requests were denied. Plaintiff filed the instant suit seeking disclosure of the contents of the files in defendant's possession that were maintained in regards to plaintiff and her daughters. The trial court ordered defendant to release financial information about defendant to plaintiff but thereafter dismissed plaintiff's case. The trial court ruled that defendant was not a public body within the meaning of the FOIA, and defendant was therefore not required to follow the FOIA and release the requested information.

The FOIA states:

It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

The FOIA applies to all public bodies, which is defined in the act:

(b) "Public body" means:

(i) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government, but does not include the

governor or lieutenant governor, the executive office of the governor or lieutenant governor, or employees thereof.

(ii) An agency, board, commission, or council in the legislative branch of the state government.

(iii) A county, city, township, village, inter-county, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof.

(iv) Any other body which is created by state or local authority or which is primarily funded by or through state or local authority.

(v) The judiciary, including the office of the county clerk and employees thereof when acting in the capacity of clerk to the circuit court, is not included in the definition of public body. [MCL 15.232(b); MSA 4.1801(2)(b).]

The instant case turns on the interpretation of MCL 15.232(b)(iv); MSA 4.1801(2)(b)(iv), and how to determine if a "body" is "primarily funded by or through state or local authority." No appellate court of this state has in a published opinion interpreted this clause of the FOIA. We note that the federal FOIA is of no help in interpreting this phrase as a private organization is not a government agency for purposes of the federal FOIA notwithstanding the source of its funding. 5 USC 552(e).

Briefly stated, the rules of statutory construction are:

(1) when a statute is unambiguous, further construction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole and construed so as to give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a

different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application. [*Nicholas v Michigan State Employees Retirement Bd,* 144 Mich App 70, 74; 372 NW2d 685 (1985).]

The ordinary meaning of "primarily" is "chiefly; principally." *American Heritage Dictionary (2d ed)* (1985). Thus, "primarily funded" is the same as chiefly or principally funded. We decline to draw a bright-line rule as to what percentage of funding constitutes "primarily funded." Instead, we view the instant case and any future case on its own facts to make a determination as to whether the funding in question amounts to primary funding for the purposes of FOIA.

In the instant case, defendant received 40.8 percent of its funding from government funds in 1983, 41.8 percent in 1984, and 39.9 percent in 1985. In the years considered, the government funding for defendant did not reach the fifty percent mark. Funding that amounts to less than half the total funding of a corporation does not amount to chief, principal or primary funding. Although the government is defendant's largest single source of funding, the government does not primarily fund defendant's business. We find that the trial court correctly ruled that defendant is not a public body for the purposes of the FOIA. The trial court did not err by refusing plaintiff's request for information from defendant pursuant to the FOIA.

Plaintiff argues that because defendant's upper peninsula office received 85.2 percent of its funding from the government in 1983, 75.4 percent in 1984 and 78 percent in 1985, the upper peninsula office should be treated as a separate "body" and found to be primarily funded by the government for the purposes of the FOIA. Plaintiff presented no

evidentiary support for treating the upper penin-
sula office as a separate entity nor a compelling
argument for treating the upper peninsula office
as a separate body. Defendant is a nonprofit corpo-
ration with six separate offices. The plain language
of the FOIA does not require an artificial disman-
tling of private entities into component parts for a
determination of whether the entity is a public
body for purposes of the FOIA.

Affirmed.