JACKSON v EASTERN MICHIGAN UNIVERSITY FOUNDATION

Docket No. 168185. Submitted June 20, 1995, at Lansing. Decided
    January 19, 1996, at 9:15 A.M.
    Eric Jackson brought an action in the Washtenaw Circuit Court
    against Eastern Michigan University Foundation, seeking a
    declaration that the foundation is a public body for purposes of
    the Freedom of Information Act, MCL 15.231 *et seq.*; MSA
    4.1801(1) *et seq.*, and the Open Meetings Act, MCL 15.261 *et
    seq.*; MSA 4.1800(11) *et seq.* The court, Kurtis T. Wilder, J.,
    issued a judgment declaring that the foundation is not a public
    body under either act. The plaintiff appealed.
        The Court of Appeals *held:*
        1. Any body that is primarily funded by or through state or
    local authority, as the foundation in this case is funded by
    Eastern Michigan University, is a public body under the Free-
    dom of Information Act. MCL 15.232(b); MSA 4.1801(2)(b).
        2. Any state or local body that is empowered by resolution to
    exercise governmental or proprietary authority, as the founda-
    tion in this case is empowered by a resolution of the Eastern
    Michigan University Board of Regents to manage the universi-
    ty's endowment fund, is a public body under the Open Meetings
    Act. MCL 15.262(a); MSA 4.1800(12)(a).
        Reversed and remanded.

Eric Jackson, in propria persona.

*Dykema Gossett, PLLC* (by *John B. Curcio* and
*Michael Brown*), for the defendant.

Amici Curiae:

*Butzel Long* (by *James E. Stewart* and *Leonard
M. Niehoff*), for Ann Arbor News.

*Greenspon, Scheff & Washington, P.C.* (by
*George B. Washington* and *Donald B. Greenspon*)

and *Richard W. McHugh,* for International Union, UAW.

Before: SAAD, P.J., and TAYLOR and O'CONNELL, JJ.

PER CURIAM. Plaintiff's claims raise this legal issue: Is Eastern Michigan University Foundation a "public body" as defined by, and thus subject to, the provisions of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.,* and the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*? The trial court concluded that defendant foundation was not a public body for purposes of either the FOIA or the OMA. We hold that the foundation is a public body as defined by the FOIA because it is primarily funded by Eastern Michigan University (EMU). Further, we conclude that the foundation is a public body as defined by the OMA because the foundation is empowered by resolution to exercise proprietary authority. Accordingly, we reverse the decision of the trial court and remand for further proceedings.

### FACTS

On October 24, 1989, the Board of Regents of Eastern Michigan University approved a resolution that authorized the establishment of the foundation. The resolution stated that the foundation "would serve to receive and disburse funds, property and gifts of any kind exclusively for the benefit of Eastern Michigan University" and "would enable the University to utilize the expertise of highly successful individuals, executives and entrepreneurs to promote the long-term viability of the University."

On May 29, 1990, articles of incorporation for the foundation were filed with the Michigan Department of Commerce. The foundation was incorporated as a nonprofit, nonstock corporation organized and operated "exclusively to receive, hold, invest, and administer funds and to make expenditures to or on behalf of Eastern Michigan University." The corporation was created pursuant to the NonProfit Corporation Act, MCL 450.2101 *et seq.*; MSA 21.197(101) *et seq.* At the time, the president of EMU, Dr. William Shelton, signed the foundation's articles of incorporation in his individual capacity. The foundation later received tax-exempt status as a charitable organization under the Internal Revenue Code, 26 USC 501(c)(3).

On September 25, 1990, the bylaws of the foundation were signed. The bylaws provided that "[a]ll corporate actions" of the foundation would "be approved by the Board of Trustees" of the foundation. The initial board of trustees was to consist of a minimum of fifteen trustees. Ten of these trustees were required to be people "representing a variety of University constituencies" and were not permitted to be "Regents or employees of the University." The other five trustee positions were to be permanently filled by university officials. The bylaws also provided that the foundation's initial presidency would be reserved for a "University-related official."

During the first two years of the foundation's existence, the university contributed more than half of the foundation's assets, which totaled approximately $420,000. Then, on March 24, 1992, the university's board of regents approved a resolution to transfer the university's entire endowment of $7.7 million to the foundation. The transfer agreement stated that while the foundation is a support organization for the university, the par-

ties are independent contractors and "that neither the University nor any of the University's employees, agents or affiliates be considered the agent, employee, servant or other representative of the Foundation, nor that the Foundation nor any of the Foundation's employees, agents or affiliates be considered the agent, employee, servant or other representative of the University." Subsequently, the endowment fund, valued at approximately $7.7 million, was transferred from the university to the foundation.

Plaintiff, Eric Jackson, filed this declaratory action after defendant foundation denied plaintiff's request for information related to the foundation's meetings and financial condition pursuant to the FOIA and the OMA. Cross motions for summary disposition were filed with regard to the issue whether the foundation was a "public body" within the meaning of the FOIA and the OMA. In an opinion and order dated August 30, 1993, the trial court held that the foundation is not a "public body" within the meaning of either the FOIA or the OMA. Accordingly, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), and denied plaintiff's motion for summary disposition. Plaintiff now appeals from that decision as of right.[1]

Plaintiff raises nine issues on appeal, which are actually different facets of two primary issues: Is the foundation subject to the FOIA and to the OMA?

I

The Michigan Legislature made it public policy that citizens are entitled to complete information

[1] The Ann Arbor News and International Union, UAW, have filed amicus briefs in support of plaintiff's contention that the foundation is a public body for purposes of the FOIA and the OMA.

regarding the affairs of their government so they may fully participate in the democratic process. MCL 15.231(2); MSA 4.1801(1)(2); *Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 543; 475 NW2d 304 (1991). Under the FOIA, a "public body" must disclose all public records that are not specifically exempt under the act. MCL 15.233(1); MSA 4.1801(3)(1); *Hagen v Dep't of Ed,* 431 Mich 118, 123; 427 NW2d 879 (1988).

The term "public body" is defined under the FOIA as follows:

> (b) "Public body" means:
>
> (i) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government, but does not include the governor or lieutenant governor, the executive office of the governor or lieutenant governor, or employees thereof.
>
> (ii) An agency, board, commission, or council in the legislative branch of the state government.
>
> (iii) A county, city, township, village, intercounty, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof.
>
> (iv) *Any other body which is created by state or local authority or which is primarily funded by or through state or local authority.*
>
> (v) The judiciary, including the office of the county clerk and employees thereof when acting in the capacity of clerk to the circuit court, is not included in the definition of public body. [MCL 15.232(b); MSA 4.1801(2)(b) (emphasis added).]

Subparagraph b(iv), the "catchall" provision, is the provision relevant to this appeal. Set in the disjunctive, subparagraph b(iv) indicates that "any other body" is a public body, and thus subject to

the FOIA, if it is either (1) created by state or local authority, or (2) primarily funded by or through state or local authority. As will be discussed below, the undisputed evidence establishes that defendant foundation is "primarily funded" by state or local authority—i.e., by Eastern Michigan University. Accordingly, we find that the foundation is a public body under the FOIA without reaching the question whether the foundation was created by state or local authority.

This Court in *Kubick v Child & Family Services of Michigan, Inc,* 171 Mich App 304; 429 NW2d 881 (1988), examined the "primarily funded" language of the FOIA. Although the Court declined to establish a bright-line rule with respect to what percentage of funding constitutes "primarily funded," the Court stated that where the government's contribution does not reach half of an organization's total funding, the body is not primarily funded by or through state or local authority. *Id.* at 308.

In this case, there is no real dispute over the amount and timing of the foundation's funding. In the first two years, EMU provided more than half of the foundation's funding. Then, in 1992, the foundation's funding was dramatically increased when EMU transferred its entire endowment of $7.7 million to the foundation. These undisputed facts compel our finding that the foundation is primarily funded by EMU, thereby making the FOIA applicable to the foundation.

The trial court's reasoning, that the foundation is not primarily funded by EMU because of EMU's projections that the foundation would be self-sustaining and would have dramatically increased its private funding by the year 1999, is erroneous. Such reasoning ignores the plain language of the act, which is set in the present tense. In other

words, the relevant inquiry is whether the foundation "is" primarily funded by or through state or local authority at the time of the FOIA request. Here, at the time of plaintiff's FOIA request, the foundation was primarily funded by EMU. As such, we find that the foundation is a public body subject to the FOIA.

II

In addition to our holding that the foundation is a "public body" under the FOIA, we also find that the foundation is a "public body" under the OMA. The OMA defines a "public body" as follows:

> (a) "Public body" means any state or local legislative or governing body, including a board, commission, committee, subcommittee, authority, or council, which is empowered by state constitution, statute, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function, or a lessee thereof performing an essential public purpose and function pursuant to the lease agreement. [MCL 15.262(a); MSA 4.1800(12)(a).]

Plaintiff argues that the foundation should be considered a "public body" under the OMA because it effectively performs a governmental or proprietary function through its unique relationship with Eastern Michigan University. We agree. Applying the statutory language of the OMA, the foundation was "empowered by" a "resolution" of the university board of regents to "exercise proprietary authority" over the university's endowment fund. Under the particular facts of this case, where the university delegated authority to the foundation to manage, in essence, its entire endow-

ment fund, it is required in MCL 390.554; MSA 15.1120(4) that the agreement between the foundation and the university be construed to comply with the OMA. To hold otherwise would make the contract invalid. *Hoekzema v Van Haften,* 313 Mich 417; 21 NW2d 183 (1946); *Kukla v Perry,* 361 Mich 311; 105 NW2d 176 (1960). Further, the interests of public disclosure require that the foundation be subject to the OMA. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 223-226; 507 NW2d 422 (1993). Accordingly, we agree with plaintiff that the trial court erred in concluding that the foundation was not subject to the OMA.

Although we recognize the need for confidentiality in the important and sensitive area of fundraising to support our public institutions, the statutory language and specific facts of this case compel the conclusion that the foundation is a public body for purposes of the FOIA and the OMA.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.