STATE DEFENDER UNION EMPLOYEES, UAW LOCAL 412-UNIT 64 v
LEGAL AID AND DEFENDER ASSOCIATION OF DETROIT

Docket No. 199075. Submitted May 5, 1998, at Detroit. Decided June 23,
1998, at 9:10 A.M.

State Defender Union Employees, UAW Local 412-Unit 64, a labor
organization representing attorneys employed by the Legal Aid and
Defender Association of Detroit (defendant), brought an action in
the Wayne Circuit Court against the defendant, alleging that the
defendant denied its request for the production of detailed financial
reports and data in violation of the Freedom of Information Act
(FOIA), MCL 15.231 et seq.; MSA 4.1801(1) et seq. The plaintiff con-
tended that the defendant was obligated to comply with its request
because the defendant receives the majority of its revenues from
governmental entities and, therefore, is a public body primarily
funded by or through state or local authority that is subject to the
provisions of the FOIA. The court, Cynthia D. Stephens, J., granted
summary disposition in favor of the defendant, finding that the
defendant's receipt of money from governmental entities in
exchange for the rendering of professional services did not amount
to the defendant's being primarily funded by government sources
and thus subject to the FOIA. The plaintiff appealed.

The Court of Appeals held:

1. The court properly found that the defendant is not a "public
body" subject to the disclosure provisions of the FOIA.

2. The word "funded" used by the Legislature in MCL
15.232(b)(iv); MSA 4.1801(2)(b)(iv) in defining a "public body" as
an organization "primarily funded by or through state of local
authority" means the receipt of a governmental grant or subsidy.
The court properly found that the defendant was not "funded" by
or though state or local authority merely because public monies
paid in exchange for services rendered comprise a certain percent-
age of the defendant's revenue. Earned fees are simply not a grant,
subsidy, or funding.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — WORDS AND PHRASES — PUBLIC
BODY — FUNDED.

> The Freedom of Information Act requires a public body to disclose all public records that are not specifically exempt from disclosure under the act; the act provides, in part, that a "public body" is a body that is created by state or local authority or which is primarily funded by or through state or local authority; an organization that is not created by state or local authority and receives payment from governmental sources in return for providing goods or services is not as a result of such payment funded by or through state or local authority irrespective of the amount of those payments; the term "funded" means the receipt of a governmental grant or subsidy; earned fees are not a grant, subsidy, or funding (MCL 15.232[b][iv]; 15.233[1]; MSA 4.1801[2][b][iv], 4.1801[3][1]).

International Union, UAW (by *Jordan Rossen*, General Counsel, and *Georgi-Ann Oshagan*, Associate General Counsel), for the plaintiff.

*Kienbaum Opperwall Hardy & Pelton, P.L.C.* (by *Theodore R. Opperwall* and *Jeffery M. Peterson*) (*Dickinson, Wright, Moon, Van Dusen & Freeman*, by *John E. S. Scott*, of Counsel), for the defendant.

Before: NEFF, P.J., and O'CONNELL and YOUNG, JR., JJ.

YOUNG, JR., J. Defendant is a private, nonprofit corporation established to provide legal services to indigent persons residing in the city of Detroit. Plaintiff is a labor organization representing attorneys employed by defendant. Apparently apart from or in addition to the information customarily exchanged within the parties' bargaining relationship, plaintiff made a Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, demand that defendant produce its detailed financial reports and data. Plaintiff contends that defendant was obligated to do so because defendant receives the majority of its revenues from governmental entities and, therefore, is a "public body," which is defined in the statute as an organization "primarily funded by or through state or

local authority." MCL 15.232(b)(iv); MSA 4.1801(2)(b)(iv).[1]

Plaintiff appeals as of right from the trial court's summary dismissal of its lawsuit in which plaintiff asserted that defendant unlawfully resisted plaintiff's proper demand for the requested financial information in violation of the FOIA. Because we agree with the trial court's determination that defendant is not a public body, we affirm.

### I. UNDERLYING FACTS AND PROCEDURAL HISTORY

According to defendant's articles of incorporation, defendant is financed "[b]y contributions, donations, subscriptions, gifts or bequests from any person or organization and by public funds received for services rendered or to be rendered, including contracts with public agencies and as appointed counsel."

On January 9, 1996, plaintiff sent a letter to defendant making a formal FOIA request for the production of defendant's detailed financial statements, audits, and related documents, which records encompass an eight-year period and concern all aspects of defendant's business. Plaintiff further requested that all fees and costs associated with the request be waived because the request was made in the public interest. By letter dated January 18, 1996, defendant denied plaintiff's FOIA request. On February 28, 1996, plaintiff submitted a second letter to defendant demanding compliance with the FOIA request.

---

[1] After the trial court rendered its decision in the present case, MCL 15.232; MSA 4.1801(2) was amended by 1996 PA 553, which amendment became effective on March 31, 1997. However, no substantive changes to the definition of "public body" were made. Former subsection 2(b) is now designated as subsection 2(d). For purposes of this opinion, all references will be made to former subsection 2(b).

After receiving no response to its second request, plaintiff filed the instant lawsuit. Therein, plaintiff alleged that defendant received more than eighty-five percent of its funding from governmental sources, including Wayne County, and therefore was a "public body" within the meaning of the FOIA and thus subject to its provisions.[2] Plaintiff further alleged that defendant was served with a request for public records on February 28, 1996, but unlawfully refused to provide the documents or offer any response to the FOIA request. Plaintiff requested an order compelling defendant to pay costs, attorney fees, and punitive damages for its conduct. In addition, plaintiff sought injunctive relief compelling production of the requested documents.

With its complaint plaintiff filed a motion for summary disposition, arguing that defendant was a public body, that defendant had violated several provisions of the FOIA, and that plaintiff was therefore entitled to all the relief it prayed for in its complaint. The trial court, however, in a well-reasoned written opinion and order, concluded that defendant is not subject to the FOIA. The trial court ruled that defendant is not "primarily funded" by government sources because it only received money from governmental entities in exchange for rendering professional services to indigent clients. Accordingly, the court granted summary disposition to defendant under MCR 2.116(I)(2) ("If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the

---

[2] We note that there is a factual dispute concerning the exact percentage of defendant's revenue that is derived from governmental sources. However, as will be more fully explained later in this opinion, such a determination is irrelevant to our analysis.

court may render judgment in favor of the opposing party.").

II. ANALYSIS

Under the FOIA, a "public body" must disclose all public records that are not specifically exempt under the act. MCL 15.233(1); MSA 4.1801(3)(1); *Jackson v Eastern Michigan Univ Foundation*, 215 Mich App 240, 244; 544 NW2d 737 (1996). Subsection 2(b) of the FOIA provides the following definition of "public body":

> (b) "Public body" means:
>
> (i) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government, but does not include the governor or lieutenant governor, the executive office of the governor or lieutenant governor, or employees thereof.
>
> (ii) An agency, board, commission, or council in the legislative branch of the state government.
>
> (iii) A county, city, township, village, intercounty, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof.
>
> (iv) *Any other body which is created by state or local authority or which is primarily funded by or through state or local authority.*
>
> (v) The judiciary, including the office of the county clerk and employees thereof when acting in the capacity of clerk to the circuit court, is not included in the definition of public body. [MCL 15.232(b); MSA 4.1801(2)(b) (emphasis added).]

At issue in this appeal is subsection 2(b)(iv). However, because there is no claim that defendant was created by state or local authority, we need only determine whether defendant is "primarily funded by

or through state or local authority." As discussed more fully later in this opinion, we conclude that it is not.

We review questions of statutory interpretation de novo on appeal. *Michigan Automotive Research Corp v Dep't of Treasury (After Remand)*, 222 Mich App 227, 231; 564 NW2d 503 (1997). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 219 Mich App 165, 169; 555 NW2d 510 (1996). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. *Barr v Mt Brighton Inc*, 215 Mich App 512, 516-517; 546 NW2d 273 (1996).

In *Kubick v Child & Family Services of Michigan, Inc*, 171 Mich App 304; 429 NW2d 881 (1988), this Court construed the first part of the statutory term "primarily funded" and held that when the governmental contribution is less than half of an organization's total funding, the organization is not "primarily" funded by or through state or local authority. *Id.* at 308. This holding was reaffirmed in *Jackson, supra* at 245. However, no published decision either of this Court or the Supreme Court has addressed the precise issue presented here: whether an organization that receives payment from governmental sources in return for providing services is "funded by or through state or local authority," irrespective of the amount of those payments. This issue presents a question of first

impression in Michigan that requires us to ascertain the meaning of the statutory term "funded."

Because it is not defined in the statute, we must give the term "funded" its plain and ordinary meaning. MCL 8.3a; MSA 2.212(1); *In re Forfeiture of Bail Bond*, 209 Mich App 540, 544; 531 NW2d 806 (1995). "Reference to a dictionary is appropriate to ascertain what the ordinary meaning of a word is." *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994). The verb form of fund is commonly understood as meaning "to allocate or provide [a supply of money or monetary resources] for (a program, project, etc.)." *Random House Webster's College Dictionary* (1997), p 525. Fund is also recognized as being synonymous with "subsidize." *Webster's Collegiate Thesaurus* (1988), p 331. A subsidy, in turn, is defined as "1. a direct financial aid furnished by a government, as to a private commercial enterprise, an individual, or another government. 2. any grant or contribution of money." *Webster's College Dictionary, supra*, p 1284. Thus, we conclude and hold that, as used in the statute, "funded" should be construed to mean the receipt of a governmental grant or subsidy.

Given this construction, it is clear that defendant is not "funded" by or through state or local authority in any ordinary sense of that term. Plaintiff's only assertion is that defendant is a "public body" because the majority of its revenues are generated from fee-for-service transactions with various governmental entities.[3] However, we agree with the trial court and hold that an otherwise private organization is not "funded

---

[3] Defendant submitted an affidavit averring that all the money received by defendant from governmental sources is on a fee-for-service basis. That averment was not contested by plaintiff.

by or through state or local authority" merely because public monies paid in exchange for goods provided or services rendered comprise a certain percentage of the organization's revenue. Earned fees are simply not a grant, subsidy, or funding in any reasonable, common-sense construction of those synonymous words. Rather, it is clear that, in the FOIA, *funded* means something other than an exchange of services or goods for money, even if the source of money is a governmental entity.[4] Were we to hold otherwise, every organization doing the primary part of its business with the state or with local governments would have its books and records subject to the FOIA's disclosure provisions. In light of the plain meaning of the language our Legislature used in the FOIA, we do not believe that it intended such an extraordinary result.

Accordingly, because defendant is not a "public body," and therefore is not subject to the FOIA's disclosure provisions, the decision of the trial court granting summary disposition to defendant is affirmed.

Affirmed.

---

[4] We note that court decisions from at least three other states, construing open records laws similar to Michigan's FOIA, also distinguish between bargained-for exchanges of services or goods for money and public funding. See *Indianapolis Convention & Visitors Ass'n, Inc v Indianapolis Newspapers, Inc,* 577 NE2d 208, 212-213 (Ind, 1991); *Adams Co Record v Greater North Dakota Ass'n,* 529 NW2d 830, 834-836 (ND, 1995); *Weston v Carolina Research & Development Foundation,* 303 SC 398, 404; 401 SE2d 161 (1991).