SCLAFANI v DOMESTIC VIOLENCE ESCAPE

Docket No. 240503. Submitted December 3, 2002, at Grand Rapids. Decided February 7, 2003, at 9:05 A.M.

Velda S. Sclafani brought an action in the Gogebic Circuit Court against Domestic Violence Escape (DOVE) and Dale McDonald, seeking disclosure pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, of certain DOVE documents. The defendants moved for summary disposition, arguing that DOVE, an entity that is primarily funded by several government agencies, is not a public body for the purposes of the FOIA because it is not primarily funded by a single state or local authority, and that the funds DOVE received from government agencies were fees for services provided. The court, Roy Gotham, J., without addressing the issue of fees for services, granted summary disposition for the defendants, ruling that MCL 15.232(d)(iv) requires that an entity be primarily funded by a single state or local authority in order for it to be a public body subject to the disclosure requirements of the FOIA. The plaintiff appealed.

The Court of Appeals *held*:

1. MCL 15.232(d)(iv) provides " 'Public body' means . . . [a]ny other body which is created by state or local authority or which is primarily funded by or through state or local authority." In view of MCL 8.3b, which provides that "[e]very word importing the singular number only may extend to and embrace the plural number, and every word importing the plural number may be applied and limited to the singular number," the term "authority," as used in MCL 15.232(d)(iv), is construed to embrace the plural. Accordingly, MCL 15.232(d)(iv) should be construed to mean that the organization be primarily funded by or through state or local government, regardless of whether the funding comes from one source or several. The trial court in this case erred in granting summary disposition for the defendants.

2. The case must be remanded for further proceedings regarding the issue whether DOVE's government funding was on a fee-for-service basis, which would prevent DOVE from being primarily funded by state or local authority under MCL 15.232(d)(iv).

Reversed and remanded.

RECORDS — FREEDOM OF INFORMATION ACT — PUBLIC BODIES — PRIMARY
    FUNDING BY STATE OR LOCAL AUTHORITY.

An organization that is primarily funded by or through state or local
government, regardless of whether primary funding comes from
one government source or several, is a public body for purposes of
the requirements of the Freedom of Information Act (MCL
15.232[d][iv]).

*Marks & Legal Associates* (by *Marvin E. Marks*)
for the plaintiff.

*Dean, O'Dea & Pope, P.C.* (by *Raymond J. O'Dea*),
for the defendants.

Before: SAWYER, P.J., and GAGE and TALBOT, JJ.

GAGE, J. Defendant Domestic Violence Escape
(DOVE) is a nonstock, nonprofit corporation that edu-
cates the public about domestic violence and pro-
vides abuse victims with shelter, counseling, referrals,
and advocacy. Plaintiff, Velda S. Sclafani, was the
executive director of DOVE. After being fired or forced
to resign from DOVE, plaintiff requested her personnel
file, documents related to dismissal policies, and min-
utes from any relevant meetings. Plaintiff claimed
that DOVE was a public body subject to the Freedom
of Information Act (FOIA), MCL 15.231 *et seq.*, because
it received state and federal funding, and therefore
was required to comply with her requests.

Plaintiff appeals as of right from the trial court's
order summarily dismissing this lawsuit, in which
plaintiff claimed defendants unlawfully denied her
request for information in violation of the FOIA. We
reverse and remand.

I. FACTUAL BACKGROUND

According to its current executive director, DOVE's funding sources include donations, fundraisers, and monies from the Federal Emergency Management Agency, the Salvation Army, the Wisconsin Department of Health and Human Services, the Iron County Department of Health and Human Services, the Michigan Family Independence Agency, and the Michigan State Housing Development Authority. Plaintiff served as executive director from April 2000 to June 2001. Plaintiff either resigned or was fired in June 2001. She thereafter requested copies of her personnel record, the employee manual, and any rules or regulations that would have a bearing on her dismissal. Her attorney also sent several letters to defendants' attorney requesting a copy of plaintiff's personnel file and any minutes from open or closed meetings regarding plaintiff since January 2001.

After defendants failed to provide all the requested information, plaintiff filed the instant FOIA action against DOVE and Dale McDonald. Plaintiff alleged that DOVE is a public body as defined in the FOIA because it received state and federal funding. Plaintiff further alleged that the records sought were public records not exempt from disclosure under the FOIA. Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that DOVE was not a public body under the FOIA because any government funds it received were in exchange for services rendered. Defendants further argued that DOVE was not a public body as defined in MCL 15.232(d)(iv)[1] because a sin-

---

[1] Formerly MCL 15.232(b)(iv).

gle local or state governmental entity did not provide more than fifty percent of the organization's funding, as required by the statute.

The trial court determined that summary disposition concerning the fee-for-services issue would be premature because a genuine issue of material fact existed and plaintiff was entitled to further discovery. However, after analyzing the language of MCL 15.232(d)(iv), the court interpreted the statute to require primary funding by a single state or local authority. Because it could not be shown that a single state or local entity provided more than fifty percent of DOVE's funding, the trial court determined that DOVE was not a public body as defined in the act and granted summary disposition to defendants.

The issue now before this Court is whether multiple government sources can be combined to constitute "primary funding" under MCL 15.232(d)(iv).

## II. ANALYSIS

A trial court's decision to grant summary disposition is reviewed de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Likewise, this Court reviews matters involving statutory interpretation de novo. *In re MCI*, 460 Mich 396, 413; 596 NW2d 164 (1999).[2]

In enacting the FOIA, the Legislature made it public policy that citizens are entitled to complete informa-

---

[2] Plaintiff claims that summary disposition was premature. We note that summary disposition is generally premature before completion of discovery regarding a disputed issue. *Village of Dimondale v Grable*, 240 Mich App 553, 566 ; 618 NW2d 23 (2000). However, summary disposition is not premature if the party's argument fails as a matter of law. *Mackey v Dep't of Corrections*, 205 Mich App 330, 334; 517 NW2d 303 (1994).

tion concerning the affairs of their government so that they can fully participate in the democratic process. *Jackson v Eastern Michigan Univ Foundation*, 215 Mich App 240, 243-244; 544 NW2d 737 (1996). Specifically, the FOIA states:

> It is the public policy of this state that all persons . . . are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2).]

Under the FOIA, a "public body" is required to disclose all public records that are not specifically exempt under the act. MCL 15.233(1); *Jackson, supra.*

The term "public body" is defined under the FOIA as follows:

> (d) "Public body" means any of the following:
>
> (i) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government, but does not include the governor or lieutenant governor, the executive office of the governor or lieutenant governor, or employees thereof.
>
> (ii) An agency, board, commission, or council in the legislative branch of the state government.
>
> (iii) A county, city, township, village, intercounty, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof.
>
> (iv) *Any other body which is created by state or local authority or which is primarily funded by or through state or local authority.*
>
> (v) The judiciary, including the office of the county clerk and employees thereof when acting in the capacity of clerk

> to the circuit court, is not included in the definition of pub-
> lic body. [MCL 15.232(d) (emphasis added).]

MCL 15.232(d)(iv) has been described as a "catchall" provision. *Jackson, supra* at 244.

This case turns on the interpretation of MCL 15.232(d)(iv). The parties agree that no single grant provides fifty percent of DOVE's budget, but the total government grants to DOVE, when combined, provide over sixty percent of the budget. Because there is no claim that DOVE was created by state or local author- ity, we need only determine whether the organization must be primarily funded by *a single* local or state authority to meet the definition of public body, or whether grants can be combined from multiple local or state authorities. No appellate court in this state has in a published opinion determined this issue.[3] We note that this Court cannot rely on interpretations of federal law because under the federal FOIA, private organizations are not public bodies, regardless of their funding. See *Kubick v Child & Family Services of Michigan, Inc,* 171 Mich App 304, 307; 429 NW2d 881 (1988).

A

When interpreting a statute, this Court's goal must be to effect the Legislature's intent. *In re MCI, supra* at 411; *Barr v Mount Brighton Inc,* 215 Mich App 512, 516; 546 NW2d 273 (1996). We may not simply impose

---

[3] In *Jackson, supra,* this Court held that an organization was primarily funded by a government source—a public university—where the source provided over fifty percent of the funding. However, the funding came from a single source and the Court did not address whether multiple sources could be combined to constitute primary funding.

our own policy goals when interpreting a statute. *Stabley v Huron-Clinton Metro Park Auth*, 228 Mich App 363, 370; 579 NW2d 374 (1998). If the statute is unambiguous, this Court must not engage in judicial construction. *In re MCI, supra* at 411. However, judicial construction is appropriate when reasonable persons could interpret a statute differently. *Id.* This Court must determine the reasonable construction that best effects the Legislature's intent. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998).

The language of MCL 15.232(d)(iv) is somewhat ambiguous. The statute does not specifically state that the funding must be by a single entity nor does it use the word "a" before "state or local authority." However, the statute uses the singular "authority" rather than "authorities."

In *Kubick, supra* at 308, this Court construed the statutory term "primarily" and determined that if the government provided less than fifty percent of the total budget, the organization is not "primarily" funded by or through state or local authority. Although this Court did not address the issue whether the funds had to come from one source, in interpreting the term "primarily," this Court noted what percentage of its budget the defendant received from government *funds*. The plural form suggests that the defendant received funds from multiple sources; yet, this Court combined all government funds when determining the percentage and analyzing whether the defendant was primarily funded by state or local authority.

In *State Defender Union Employees v Legal Aid & Defender Ass'n*, 230 Mich App 426; 584 NW2d 359

(1998), this Court held that the defendant was not a public body because the money it received was provided in exchange for services. Without deciding the present issue, the Court noted that the funds came from various government entities. *Id.* at 432.

B

In this case, in its discussion regarding the motion for summary disposition, the trial court emphasized that the Legislature's use of the word "authority" in the singular rather than the plural "authorities" suggested a singular construction. We disagree. The Michigan Legislature has provided us with the necessary rules for making a statutory interpretation such as this. MCL 8.3b provides: "Every word importing the singular number only may extend to and embrace the plural number, and every word importing the plural number may be applied and limited to the singular number." See *Ardt v Titan Ins Co*, 233 Mich App 685, 691-692; 593 NW2d 215 (1999). Although, this interpretation is not mandatory and should not be adopted if inconsistent with the Legislature's intent, *Robinson v Detroit*, 462 Mich 439, 461 n 18; 613 NW2d 307 (2000), in this case the rule applies to allow a reading of the term "state or local authority" as in the plural, which is not directly inconsistent with the Legislature's intent.[4]

---

[4] We note, by way of example, in *Ardt, supra,* the Court looked at several provisions of the no-fault act to determine whether the plaintiff was entitled to benefits. As part of its analysis, the Court reviewed the exclusionary provision in MCL 500.3113(b), which provides that "the owner" of an uninsured motor vehicle comes under the exclusion. Although the Court looked at other provisions in the act to determine that the exclusionary provision could apply to multiple owners, the Court also relied on the statutory rules of construction found in MCL 8.3b. The Court con-

The phrase "state or local authority" is not specifically defined in the statute. " 'Reference to a dictionary is appropriate to ascertain what the ordinary meaning of a word is.' " *State Defender Union, supra* at 432, quoting *Popma v Auto Club Ins Ass'n,* 446 Mich 460, 470; 521 NW2d 831 (1994). The term "authority" has several definitions, including "governmental power or jurisdiction" and "a governmental agency." See *Random House Webster's College Dictionary* (1997), p 89; Black's Law Dictionary (7th ed). If the Legislature intended "authority" to mean governmental power or jurisdiction, as it appears it did, it would likely not have used the word "authorities" to indicate plural; rather, "state or local authority" under that interpretation would refer to all governmental agencies combined. Therefore, the use of the term "authority" should embrace the plural.

C

The trial court cited the Legislature's objectives in enacting the FOIA to determine that a singular construction should be made. Again, we disagree. A court should consider the Legislature's objective when interpreting a statute, *Frankenmuth Mut Ins, supra* at 515, but must be careful not to interpret a statute on the basis of what the court believes is a worthy objective. We note that there is limited evidence of the Legislature's objectives. According to the Legislature, as indicated in MCL 15.231(2), it is this state's

---

cluded that because MCL 8.3b provided that terms implying the singular may be read as plural, had the Legislature intended the exclusionary provision to apply to only a single owner, it would have indicated its intention more clearly than simply using the definite article "the" before owner. *Id.* at 691-692.

public policy that persons are entitled to "full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, . . . so that they may fully participate in the democratic process." *Herald Co v Bay City*, 463 Mich 111, 118; 614 NW2d 873 (2000). The courts have described the act as broadly written and pro-disclosure. *Id.* However, we note that the stated purpose of the act relates to government affairs and official acts, not the actions of private organizations. MCL 15.231 *et seq.* In *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 543; 475 NW2d 304 (1991), the Supreme Court recognized that one of the reasons the Legislature enacted the FOIA was to prevent abuses in the operation of government.

Again, however, the Legislature included certain otherwise private organizations in the definition of public body. MCL 15.232(d)(iv). Although the Legislature may have intended to cover only those organizations that were essentially used by the government to avoid the FOIA, there is no evidence to support this. Moreover, if we were to construe the statute to mean that funding had to come from a single source, it would be possible for the government to avoid the FOIA by splitting funding into separate grants, perhaps administered by different agencies. Instead, we may construe the fact that the Legislature included private organizations within the definition to mean that the Legislature believed taxpayers should be able to monitor the use of public money by private organizations.

Looking simply at the language of the statute, as we must do, we find that had the Legislature intended an organization's primary funding to come from a sin-

gle source, it would have expressed that intention more clearly. See *Ardt, supra*. The Legislature could have *expressly* required the organization be primarily funded by *a single source*, but did not do so. Instead, the Legislature gave no indication that only one source must primarily fund the organization.

Therefore, we find that MCL 15.232(d)(iv) should be construed to mean that the organization be primarily funded by or through state or local government, regardless of whether the funding comes from one source or several. Thus, the trial court erred in granting defendants summary disposition.

The trial court granted summary disposition to defendants because it found that no single grant DOVE received accounted for more than fifty percent of its budget. However, the trial court agreed that further discovery was required regarding the issue whether DOVE's government funding was on a fee-for-service basis, which would prevent it from being primarily funded by state or local authority under MCL 15.232(d)(iv). See *State Defender Union Employees, supra* at 433. We find the trial court correctly determined that the issue whether DOVE's funding was for services rendered was, in part, a question of fact. From the limited record, we are unable to conclusively determine whether DOVE was primarily funded by state or local authority and whether its funding was in exchange for services it provides.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.